UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMMAR KHUDHIR,

        Plaintiff,

v.

Case No. 12-cv-15469
HON. GERSHWIN A. DRAIN

JP MORGAN CHASE BANK, *et al.,*

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#22] AND CANCELLING HEARING

**I.    INTRODUCTION**

Presently before the Court is Defendants,' JPMorgan Chase Bank, N.A. ("JPMCB") and Chase Bank USA N.A. ("CBUSA"), Motion for Summary Judgment, filed on November 26, 2013. Plaintiff prepared a Response to the present motion, however he failed to properly submit it to the Court, rather he faxed a copy of the Response to the Court on January 3, 2014.[1] As such, Plaintiff's Response has not been properly filed with the Court. Defendants filed a Reply in support of their motion on January 20, 2014. Upon review of the parties' submissions,[2] the Court concludes that oral

---

[1] On January 3, 2014, the Court's clerk contacted Plaintiff by electronic mail to inform him that his Response had not been properly filed on the docket. The clerk also forwarded a copy of Plaintiff's Response to opposing counsel. To date, Plaintiff has failed to rectify the failure to properly file his Response with the Court, thus his Response does not appear on CM/ECF.

[2] Rather than dismissing Plaintiff's Complaint based on his failure to timely file his Response to the present motion, the Court has reviewed Plaintiff's January 3, 2014 Response and finds that it fails to establish a genuine issue of material fact exists on any of his claims.

-1-

argument will not aid in the resolution of this matter, accordingly the hearing is cancelled and the matter will be determined on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

## II. FACTUAL BACKGROUND

The instant matter arises out of the closure of Plaintiff's accounts with Defendants JPMCB and CBUSA. Specifically, Plaintiff had a bank account with JPMCB, which was identified as account number X-5775 (the "JPMCB Account"). The JPMCB Account was governed by the Deposit Account Agreement, which provides: "Either you or [JPMCB] may close your account at any time with or without cause." *See* Defs.' Mot. for Summ. J., Ex. B at 18. In or around October 2011 or November 2011, JPMCB closed Plaintiff's account.

Plaintiff also had a credit card account with CBUSA, which was identified by account number X-0566 (the "CBUSA Account"). The CBUSA Account was governed by the Cardmember Agreement, which provides: "[e]xcept as required by applicable law, [CBUSA] may close [Plaintiff's] Account or suspend [Plaintiff's] credit privileges or any feature on [Plaintiff's] Account at any time for any reason, including Account inactivity, without notice. If [CBUSA] closes [Plaintiff's] Account or suspends [Plaintiff's] credit privileges or any feature, [CBUSA] will not be liable to [Plaintiff] for any consequences that result." *See* Defs.' Mot. for Summ. J., Ex. C at 3. In or around October 2011 or November 2011, CBUSA closed Plaintiff's CBUSA Account.

On December 13, 2012, Plaintiff filed the instant action. Plaintiff raises the following claims: (1) defamation, (2) discrimination against Plaintiff's name and national origin, (3) emotional distress leading to pain and suffering for damages and injuries to Plaintiff's well being, and (4) denial of equal opportunity for any U.S. resident and equal treatment for all people including the availability of the same rights.

### III. LAW & ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no

-3-

genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

### B. Defamation

In order to establish a claim for defamation under Michigan law, Plaintiff must show: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication. *Mitan v. Campbell*, 474 Mich. 21, 706 N.W.2d 420, 421 (2005).

Here, Plaintiff's defamation claim fails for numerous reasons. As an initial matter, there is no false and defamatory statement because Plaintiff bases his claim on Defendants closure of his Accounts. Second, Plaintiff has failed to present any evidence that Defendants made an unprivileged communication to a third party. At his deposition, Plaintiff claimed that Defendants communicated with two individuals, John Mardo and Peter Mardo, regarding Plaintiff's Accounts. However, both of these individuals testified that they never spoke with any of the Defendants concerning Plaintiff's Accounts. *See* Defs.' Mot. for Summ. J., Ex. F at 29, 37 and Ex. G at 63, 67.

To the extent Plaintiff relies on an October 13, 2011 letter and a November 1, 2011 letter from Defendant CBUSA, these letters cannot support his claim. Plaintiff does not demonstrate that the statements in the letters are false nor are the letters addressed to anyone other than the Plaintiff, thus there was no unprivileged communication to a third party. In any event, Plaintiff's defamation claim based on the letters is time barred pursuant to Michigan law. *See* MICH. COMP. LAWS § 600.5805(1) and (9); *Mitan*, 474 Mich. at 24-25 (Under Michigan law, a "defamation claim must be filed within one year from the date the claim first accrued.").

In response, Plaintiff argues that his claim is supported by the fact that Defendants "reported the closure of the plaintiff's accounts and those of his wife to the credit unions placing both on the list of individuals with bad credit; thus lowering their credit rating in the long run." *See* Resp. at 3. Plaintiff cannot rely on information that was furnished to credit reporting agencies as the basis for his defamation claim because such a claim is preempted by the Fair Credit Reporting Act. *See Barkho v. Homecomings Fin., LLC*, 657 F.Supp.2d 857, 864-65 (E.D. Mich. 2009). In any event, Plaintiff fails to explain how this information was false. *See Porter v. Royal Oak*, 214 Mich. App. 478, 486; 542 N.W.2d 905 (1995) (where there is no false statement, there can be no defamation).

As such, Defendants are entitled to judgment in their favor on Plaintiff's defamation claim.

### C. Intentional Infliction of Emotional Distress

In order to establish a claim for intentional infliction of emotional distress, Plaintiff must establish the following elements: "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Ursery v. Option One Mortg. Corp.*, No. 271560, 2007 WL 2192657, *17 (Mich. App. July 31, 2007) (citing *Teadt v. Lutheran Church Missouri Synod*, 237 Mich. App. 567, 582; 603 N.W.2d 816 (1999)). "Liability for such a claim

has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.*  Because the threshold is so high for such a claim, defendants are typically not liable "where [they have] done no more than to insist upon [] legal rights in a permissible way, even though [they are] well aware that such insistence is certain to cause emotional distress." *Chungag v. Wells Fargo Bank, N.A.*, 489 F. App'x 820, 825 (6th Cir. 2012).

Here, Plaintiff's intentional infliction of emotional distress claim fails because he cannot show a genuine issue of material fact exists as to the Defendants' conduct, which does not rise to the level of outrageous or extreme behavior.  By closing Plaintiff's Accounts, Defendants were not acting outrageously, rather they were acting consistent with the express terms of the parties' contractual relationship.  *Id*. at 825 (concluding that the district court properly dismissed the plaintiff's intentional infliction of emotional distress claim because the bank "had a right to foreclose on the property . . . .").  Further, to the extent Plaintiff argues that his Accounts were closed based on his name or national origin, he cannot establish his Accounts were closed based on a discriminatory purpose, thus he cannot establish Defendants acted outrageously.

In response, Plaintiff fails to come forward with any evidence establishing a genuine issue of fact as to Defendants purported outrageous conduct or severe emotional distress.  Rather, Plaintiff merely explains that "his emotional distress is linked [to] the fact of losing business and clients and the way friends and family looked and treated the plaintiff."  This is insufficient to show a genuine issue for trial exists on this claim.  Defendants are entitled to judgment in their favor on Plaintiff's intentional infliction of emotional distress claim.

### D.     Discrimination Against Name and Origin and Violation of Equal Opportunity Claims

As to Plaintiff's discrimination and equal opportunity claims, he has failed to come forward with any evidence suggesting that Defendants closed his Accounts for a discriminatory purpose. In *Life for Relief & Development v. Charter One Bank, N.A.*, No. 12-cv-13550, 2013 WL 3810255 (E.D. Mich. July 23, 2013), the district court dismissed the plaintiff's claim alleging that the bank unlawfully discriminated against it by closing its accounts based on race.  The court found that "[a]lthough the complaint does not have to present detailed factual allegations, there must be sufficient factual content to allow the Court, armed with judicial experience and common sense to draw the reasonable inference that the defendant intentionally interfered with or impaired the plaintiff's contractual right on the basis of race." *Id.* at *1 (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012)).  Similar to the facts in *Life for Relief*, Plaintiff's Complaint is devoid of any facts for this Court to draw the reasonable inference that Plaintiff's Accounts were closed based on his name or national origin.

Nor has Plaintiff presented any evidence supporting his claims.  At his deposition, Plaintiff testified that he was simply guessing as to why Defendants closed his Accounts, including possibly his "national origin" or maybe his "weight." *See* Defs.' Mot. for Summ. J., Ex. A at 109-10.  This is insufficient to establish his claims of discrimination and denial of equal opportunity. *See Sniecinski v. Blue Cross & Blue Shield of Michigan*, 469 Mich. 124, 140; 166 N.W.2d 186 (2003) ("Mere speculation or conjecture is insufficient to establish reasonable inferences of causation.")

Defendants are likewise entitled to summary judgment on Counts II and IV.[3]

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [#22] is GRANTED. This cause of action is dismissed.

Dated: January 27, 2014

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served
upon attorneys of record on
January 27, 2014, by electronic mail.

/s/ Tanya Bankston
Deputy Clerk

---

[3] Defendants also argue that Plaintiff lacks standing with respect to JPMCB accounts X-5368, X-8815, and X-7987 because these accounts belonged to Plaintiff's wife, who is not a party to this action. Plaintiff has failed to address this argument or come forward with any evidence demonstrating that these accounts were also held in his name. As such, Defendants are correct that Plaintiff lacks standing with respect to these accounts.

-8-